MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ANA VICTORIA TALO VASQUEZ,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** <br> **29 U.S.C. § 216(b)** |
| OASIS HOSPITALITY INC.  (D/B/A OASIS MOTEL), BHARAT GANDHI , BOB GANDHI , SONY DOE , EMILY DOE , and MARY DOE , | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Ana Victoria Talo Vasquez ("Plaintiff Talo" or "Ms. Talo"), individually and on

behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates,

P.C., upon her knowledge and belief, and as against Oasis Hospitality Inc. (d/b/a Oasis Motel),

("Defendant Corporation"), Bharat Gandhi,  Bob Gandhi,  Sony Doe,  Emily Doe, and  Mary Doe,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Talo is a former employee of Defendants Oasis Hospitality Inc. (d/b/a Oasis

Motel), Bharat Gandhi, Bob Gandhi, Sony Doe, Emily Doe, and Mary Doe.

2.       Defendants own, operate, or control a motel, located at 3801 Boston Rd, Bronx, NY

10466 under the name "Oasis Motel".

3.      Upon information and belief, individual Defendants Bharat Gandhi, Bob Gandhi, Sony Doe, Emily Doe, and Mary Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the motel as a joint or unified enterprise.

4.      Plaintiff Talo was employed as a cleaning worker at the motel located at 3801 Boston Rd, Bronx, NY 10466.

5.      At all times relevant to this Complaint, Plaintiff Talo worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Talo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Talo to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Talo and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.      Plaintiff Talo now brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Talo seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Talo's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a motel located in this district. Further, Plaintiff Talo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Ana Victoria Talo Vasquez ("Plaintiff Talo" or "Ms. Talo") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Talo was employed by Defendants at "Oasis Motel" from approximately August 2004 until on or about June 2, 2019.

15.     Plaintiff Talo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a motel, located at 3801 Boston Rd, Bronx, NY 10466 under the name "Oasis Motel".

17.     Upon information and belief, Oasis Hospitality Inc. (d/b/a Oasis Motel) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3801 Boston Rd, Bronx, NY 10466.

18.      Defendant Bharat Gandhi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Bharat Gandhi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Bharat Gandhi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Talo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.      Defendant Bob Gandhi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Bob Gandhi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Bob Gandhi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Talo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.      Defendant Sony Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sony Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sony Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Talo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Emily Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Emily Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Emily Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Talo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Mary Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mary Doe is sued individually in her capacity as a manager of Defendant Corporation. Defendant Mary Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Talo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate a motel located in the Edenwald section of the Bronx.

24.     Individual Defendants, Bharat Gandhi, Bob Gandhi, Sony Doe, Emily Doe, and Mary Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Talo's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Talo, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Talo (and all similarly situated employees) and are Plaintiff Talo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Talo and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Bharat Gandhi, Bob Gandhi, Sony Doe, and Emily Doe operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

  a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

  b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c)  transferring assets and debts freely as between all Defendants,

  d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

  e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

  f)  intermingling assets and debts of their own with Defendant Corporation,

  g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30.   At all relevant times, Defendants were Plaintiff Talo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Talo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Talo's services.

31.   In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the motel on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.   Plaintiff Talo is a former employee of Defendants who was employed as a cleaning worker.

34.   Plaintiff Talo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ana Victoria Talo Vasquez*

35.   Plaintiff Talo was employed by Defendants from approximately August 2004 until on or about June 2, 2019.

36.   Defendants employed Plaintiff Talo as a cleaning worker.

37.   Plaintiff Talo regularly handled goods in interstate commerce, such as cleaning products and other supplies produced outside the State of New York.

38.   Plaintiff Talo's work duties required neither discretion nor independent judgment.

39.     Throughout her employment with Defendants, Plaintiff Talo regularly worked in excess of 40 hours per week.

40.     From approximately June 2013 until on or about August 2016, Plaintiff Talo worked from approximately 10:00 p.m. until on or about 8:00 a.m., 4 days a week (typically 40 hours per week).

41.     From approximately September 2016 until on or about December 2018, Plaintiff Talo worked from approximately 10:00 a.m. until on or about 6:00 p.m., Tuesdays and Thursdays, from approximately 10:00 a.m. until on or about 6:00 p.m. to 8:00 p.m., on Wednesdays, and from approximately 10:00 a.m. until on or about 8:00 p.m., Fridays and Saturdays (typically 44 to 46 hours per week).

42.     From approximately January 2019 until on or about June 2, 2019, Plaintiff Talo worked from approximately 10:00 a.m. until on or about 8:00 p.m., 3 days a week and from approximately 10:00 a.m. until on or about 6:00 p.m., one day a week (typically 38 hours per week).

43.     From approximately July 2013 until on or about December 2016, Defendants paid Plaintiff Talo her wages in cash.

44.     From approximately January 2017 until on or about December 2018, Defendants paid Plaintiff Talo her wages in a combination of check and cash.

45.     From approximately January 2019 until on or about June 2, 2019, Defendants paid Plaintiff Talo her wages by check.

46.     From approximately July 2013 until on or about December 2016, Defendants paid Plaintiff Talo $9.00 per hour for all hours worked.

47.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Talo $11.00 per hour for all hours worked.

48.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Talo $13.00 per hour for all hours worked.

49.     From approximately January 2019 until on or about June 2, 2019, Defendants paid Plaintiff Talo $15.00 per hour for all hours worked.

50.     Plaintiff Talo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

51.     For example, Defendants required Plaintiff Talo to work an additional 2 hours past her scheduled departure time 2 or 3 days a week, and did not pay her for the additional time she worked.

52.     From approximately 2017 until on or about December 2018, Defendants required Plaintiff Talo to keep track of time using two separate identification numbers that did not accurately reflect her actual hours worked.

53.     Defendants never granted Plaintiff Talo any breaks or meal periods of any kind.

54.     Although Plaintiff Talo was required to keep track of her time, in some occasions, Plaintiff Talo would find that Defendants had punched her out at a much earlier time. As a result, Plaintiff Talo was not compensated for all of the hours that she worked.

55.     On a number of occasions, Defendants required Plaintiff Talo to sign a document, the contents of which she was not allowed to review in detail.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Talo regarding overtime and wages under the FLSA and NYLL.

57.     From approximately July 2013 until on or about December 2017, Defendants did not provide Plaintiff Talo an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Talo, in English and in Spanish (Plaintiff Talo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Talo to purchase "tools of the trade" with her own funds—including cleaning supplies.

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Talo (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate overtime compensation as required by federal and state laws.

61.     Plaintiff Talo was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

62.     Defendants habitually required Plaintiff Talo to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

63.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Talo worked.

64.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

65.     On a number of occasions, Defendants required Plaintiff Talo to sign a document the contents of which she was not allowed to review in detail.

66.     Defendants paid Plaintiff Talo her wages in cash, in a combination of cash and check and then by check.

67.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

68.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Talo (and similarly situated individuals) worked, and to avoid paying Plaintiff Talo properly for her full hours worked.

69.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Talo and other similarly situated former workers.

71.     Defendants failed to provide Plaintiff  Talo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72.     Defendants failed to provide Plaintiff Talo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.    Plaintiff Talo brings her FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

74.    At all relevant times, Plaintiff Talo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

75.    The claims of Plaintiff Talo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

76.    Plaintiff Talo repeats and realleges all paragraphs above as though fully set forth herein.

77.    At all times relevant to this action, Defendants were Plaintiff Talo's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Talo (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

78.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

80.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Talo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81.     Defendants' failure to pay Plaintiff Talo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiff Talo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

83.     Plaintiff Talo repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Talo  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.     Defendants' failure to pay Plaintiff Talo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff Talo was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

87.     Plaintiff Talo repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants failed to provide Plaintiff Talo with a written notice, in English and in Spanish (Plaintiff Talo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89.     Defendants are liable to Plaintiff Talo in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

90.     Plaintiff Talo repeats and realleges all paragraphs above as though fully set forth herein.

91.     With each payment of wages, Defendants failed to provide Plaintiff Talo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92.     Defendants are liable to Plaintiff Talo in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

93.      Plaintiff Talo repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants required Plaintiff Talo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

95.     Plaintiff Talo was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Talo respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Talo and the FLSA Class members;

(c)  Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Talo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)  Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Talo and the FLSA Class members;

(e)  Awarding Plaintiff Talo and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)  Awarding Plaintiff Talo and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)  Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Talo;

(h)  Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Talo's compensation, hours, wages and any deductions or credits taken against wages;

(i)  Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Talo;

(j)  Awarding Plaintiff Talo damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)  Awarding Plaintiff Talo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)  Awarding Plaintiff Talo liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Talo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiff Talo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Talo demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        July 12, 2019

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                     By:     /s/ Michael Faillace
                             Michael Faillace [MF-8436]
                             60 East 42nd Street, Suite 4510
                             New York, New York 10165
                             Telephone: (212) 317-1200
                             Facsimile: (212) 317-1620
                             *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 28, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Ana Victoria Talo Vasquez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:          _Ana V Talo Vasquez_

Date / Fecha:               28 de Junio 2019

_Certified as a minority-owned business in the State of New York_